UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAVINA ANANIAS | ) |
| | ) |
|    Plaintiff, | ) |
| | ) Cause No.: |
| v. | ) |
| | ) |
| ST. VINCENT MEDICAL GROUP, INC. | ) |
| d/b/a ASCENSION MEDICAL GROUP | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an employment discrimination action brought by Plaintiff, Davina Ananias ("Ananias"), by counsel, against Defendant, St. Vincent Medical Group, Inc. d/b/a Ascension Medical Group ("Ascension") for its discriminatory actions taken against her based on her religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.

**II. PARTIES**

2. At all relevant times to this action, Ananias resided within the Southern District of Indiana.

3. Defendant is a corporation which maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana. It can be served through its registered agent, Corporation Service Company at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Ananias is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. Ananias exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and the Indiana Civil Rights Commission. Ananias received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

9. Ananias was hired by Defendant in or about September 2015, as a Physician's Assistant. Ananias continues to work at two of Defendant's locations, which include Ascension St. Vincent Heart Center (10580 N. Meridian St., Carmel, IN 46290) and Ascension St. Vincent Hospital (2001 West 86th St., Indianapolis, IN 46260). Ananias continues to meet or exceed Defendant's legitimate performance expectations.

10. In or around November 2021, Defendant enacted a COVID-19 Vaccine Mandate ("Mandate"). The Mandate required that every employee be vaccinated by November 12, 2021. Defendant created a process under the Mandate for religious and medical exemptions.

11. On October 1, 2021, Ananias filed a religious accommodation request.

12. On or about October 5, 2021, Ananias' religious accommodation was denied. Defendant alleged that approving said accommodation posed an "undue hardship" to the Defendant due to an "increased risk to the workplace and patient safety."

13. Ananias was permitted to submit additional information, if she chose to, within 7-days of the denial.

14. On October 8, 2021. Ananias submitted additional information and renewed her request for an accommodation.

15. On or about October 26, 2021, Ananias emailed Defendant's human resource department to confirm that it received Ananias' additional information and renewed request.

16. On or about November 2, 2021, Ananias' religious accommodation was denied for a second time. In its response, Defendant noted the following:

   a. Defendant acknowledged that Ananias' request was based on her "very deeply held beliefs"; and

   b. Defendant's denial was based on its "strong need to promote and protect the health and safety of our workforce and patients."

17. On November 9, 2021, Charging Party was forced to take the COVID-19 vaccine in order to maintain her employment.

18. But for Respondent's discrimination and violation of federal law, Charging Party would not have taken the COVID-19 vaccine.

19. Ananias has been harmed as a result of Defendant's actions.

## V. CAUSES OF ACTION

## COUNT I – TITLE VII – RELIGIOUS DISCRIMINATION

20. Ananias hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint as if it were set forth at length herein.

21. Ananias was discriminated against based on her sincerely held religious belief when she was subject to less favorable terms and conditions in her employment and when her religious accommodation request was denied.

22. Defendant discriminated against Ananias on the basis of her closely held religious beliefs by subjecting her to disparate treatment.

23. Defendant discriminated against Ananias on the basis of her closely held religious beliefs by failing to engage in the interactive process in good faith and denying her reasonable accommodations.

24. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

25. Defendant's conduct was deliberate, willful, and in reckless disregard for Ananias's civil rights.

26. Ananias has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Davina Ananias, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her religious beliefs;

2. Reinstatement to his original position and salary he would have enjoyed but for Defendant's unlawful actions, or front pay in lieu thereof;

3. Award Ananias back pay he would have earned, including benefits and interest, but for Defendant's unlawful actions;

4. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

5. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

6. Compensatory damages for Defendant's violations of Title VII;

7. Punitive damages for violations of Title VII;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Davina Ananias*

## **DEMAND FOR JURY TRIAL**

  Plaintiff, Davina Ananias, by counsel, requests a trial by jury on all issues deemed so triable.

          Respectfully submitted,


          */s/Taylor Ferguson*
          Taylor Ferguson
          BIESECKER DUTKANYCH & MACER, LLC
          144 North Delaware Street
          Indianapolis, IN 46204
          Telephone: (317) 991-4765
          Facsimile: (812) 424-1005
          Email: tferguson@bdlegal.com
          *Counsel for Plaintiff, Davina Ananias*